The STATE, ex rel. MARTINELLI,

v.

CORRIGAN, Judge, et al.

[Cite as *State, ex rel. Martinelli, v. Corrigan* (1991), 71 Ohio App.3d 243.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 58712.

Decided March 5, 1991.

*Joseph Pontius Martinelli, pro se.*

*Stephanie Tubbs Jones,* Prosecuting Attorney, and *Jerome E. Dowling,* Assistant Prosecuting Attorney, for respondents Judge Daniel O. Corrigan et al.

*Joseph J. Jerse,* Assistant Law Director, for respondents George Voinovich et al.

NAHRA, Presiding Judge:

In 1982, relator, Joseph Pontius Martinelli, was convicted of the murder of Gary Andrew Buchwald and sentenced to fifteen years to life. After exhausting his direct appeals, Martinelli commenced this mandamus action on November 2, 1989, against Judge Daniel O. Corrigan, who was the presiding judge at the murder trial, Cuyahoga County Sheriff Gerald T. McFaul and Coroner Elizabeth Balraj.[1] The purpose of this action is to force the county defendants to produce their records relating to the death of Buchwald and the

---

1. Martinelli also listed the city of Cleveland's mayor, public safety director and commander of the police department as defendants in this action. These are the same defendants Martinelli named in a similar public records mandamus action in this court, *State, ex rel. Martinelli, v. City of Cleveland Police Department,* case No. 56461, 1991 WL 64349. In that case Martinelli seeks the same relief from the these same defendants as in this case. Additionally, he has also moved to consolidate the two cases. The city defendants have moved to be dismissed from this action on the grounds that he is splitting his claims. Thus, he essentially has two public records cases: one against the city defendants and one against the county defendants. All issues relating to the city defendants will be resolved in case No. 56461. Accordingly, the motion to consolidate the two cases is denied, and the city defendants' motion to be dismissed from this case is granted.

murder trial. Martinelli intends to use these documents to aid his efforts to contest his conviction.

The county defendants have filed both a motion to dismiss and a motion for summary judgment against the complaint. Martinelli has responded to both of these motions. For the following reasons this court grants the motion for summary judgment as to Judge Corrigan and the county coroner, and it grants the writ of mandamus as to Sheriff McFaul.

## RECORDS OF JUDGE DANIEL O. CORRIGAN

From Judge Corrigan, Martinelli seeks to obtain all judicial records relating to the murder of Buchwald and the underlying murder case. These judicial records fall into one of two categories: the official record, including the pleadings, transcript and exhibits, or the judge's own personal notes.

■ As to the official record, Judge Corrigan is not the person responsible for such records. The General Assembly has specifically made the clerk of courts the responsible person for the records of the common pleas court. R.C. 2303.14 provides that the clerk shall keep the journal, records, books and papers appertaining to the court and record its proceedings. Similarly, R.C. 2303.09 mandates that the clerk shall "carefully preserve in his office all papers delivered to him for that purpose in every action or proceeding." See, also, R.C. 2303.08 (the clerk shall make a complete record), and R.C. 2323.23 and 2323.24 (the contents of the record and the clerk's duty to make a complete record). In *State, ex rel. Mothers Against Drunk Drivers, v. Gosser* (1985), 20 Ohio St.3d 30, 33, 20 OBR 279, 282, 485 N.E.2d 706, 710, the Ohio Supreme Court ruled that "[w]hen statutes impose a duty on a particular official to oversee records, that official is the 'person responsible' under R.C. 149.43(B)." Accordingly, the clerk of courts, not the judge who presided at the trial, is the proper person from whom to obtain the court record under the Ohio Public Records Act.

■ The judge's personal notes are not subject to disclosure. In *Gosser, supra,* the relators sought comprehensive records from the clerk of courts relating to driving-while-intoxicated cases. Their requests included the court records for such cases and notes by the judges taken in connection with DWI trials or hearings. The court affirmed that most of the disputed documents were public records, but specifically held that a judge's personal notes and pre-sentence reports are not public records. *Gosser,* 20 Ohio St.3d at 32, 20

OBR at 280–281, 485 N.E.2d at 709.[2]   Accordingly, because either Judge Corrigan is not the person responsible for the requested records or the records requested from the judge are not subject to disclosure, summary judgment for Judge Corrigan is granted.

## RECORDS OF THE COUNTY CORONER

From the county coroner, Martinelli especially seeks the autopsy records and the records of forensic tests which the coroner may have in her possession.   Martinelli admits that he has seen most of these records from his inspection of the court record, the trial transcript and the exhibits.   He claims that subsequently he has learned from a variety of sources that those records are not "truthful" and that the coroner has a second set of autopsy records in her possession.   Moreover, Martinelli has previously filed a public records mandamus action in this court against the coroner, seeking the autopsy report and records of forensic tests: *State, ex rel. Martinelli, v. County Coroner's Office et al.* (Jan. 15, 1987), Cuyahoga App. No. 53122, unreported, 1987 WL 4735.   In that case this court dismissed the petition for writ of mandamus.

The gravamen of the coroner's argument is that this subsequent action is barred by *res judicata* and collateral estoppel.   These arguments are well taken.   In *Stromberg v. Bratenahl Bd. of Edn.* (1980), 64 Ohio St.2d 98, 100, 18 O.O.3d 343, 344, 413 N.E.2d 1184, 1186, the Ohio Supreme Court held: "This court has uniformly adhered to the doctrine of *res judicata* to prevent repeated attacks upon a final judgment.   The doctrine applies not only to what was determined but also to every question which might properly have been litigated."   Similarly, in *Johnson's Island, Inc. v. Danbury Twp. Bd. of Trustees* (1982), 69 Ohio St.2d 241, 244, 23 O.O.3d 243, 245, 431 N.E.2d 672, 674, the court stated:

"[T]he application of the concept of *res judicata* not only precludes the relitigation of the same cause as between the parties, its 'collateral estoppel' aspect precludes relitigating legal or factual issues in a second lawsuit that

---

2.   The few other courts which have considered the issue of whether personal notes of officials are public records have adopted the same position as the Ohio Supreme Court.   In *Times Publishing Company, Inc. v. St. Petersburg* (Fla.App.1990), 558 So.2d 487, the Florida Court of Appeals affirmed the trial court's ruling that personal notes were not subject to disclosure.   In *American Fedn. of Govt. Emp., Local 2782 v. United States Dept. of Commerce* (D.C.D.C.1986), 632 F.Supp. 1272, affirmed (C.A.D.C.1990), 907 F.2d 203, the district court ruled that personal notes which are not intended for distribution through usual agency channels are beyond the scope of the federal Freedom of Information Act.   See, also, *Porter Cty. Chapter of the Izaak Walton League of America, Inc. v. United States Atomic Energy Comm.* (N.D.Ind.1974), 380 F.Supp. 630.

were the general subject of litigation in the first action even though the second is a different cause of action."

In the present case Martinelli filed a public records mandamus action (case No. 53122) against the county coroner seeking most, if not all, of the same records he is now seeking from the same office. The subject matter, claim and parties are the same. In case No. 53122, Martinelli had a full and complete opportunity as well as a compelling reason, to litigate the issue of obtaining all of the coroner's records relating to the murder trial and the death of Buchwald. *Res judicata* and collateral estoppel are to prevent repeated attempts at litigating the same issues and, thus, conserve judicial resources and bring matters to a conclusion. Therefore, those doctrines now preclude Martinelli from maintaining another public records mandamus action against the coroner for the documents relating to the murder of Buchwald.

Moreover, to the extent that the coroner has disclosed those records at trial, Martinelli can obtain them from the clerk's office by paying any necessary fees to the clerk for inspection or copying of the trial record. The Ohio Public Records Act, R.C. 149.43(B), provides in pertinent part that, "[u]pon request, a person responsible for public records shall make copies available at cost * * *." In this case the clerk holding the trial record would be the person responsible. *Gosser, supra.*

■ To the extent that the records, requested by Martinelli, were not disclosed at trial, they would be confidential investigatory work product under R.C. 149.43(A)(2)(c), "confidential law enforcement investigatory records." In *State, ex rel. Dayton Newspapers, Inc., v. Rauch* (1984), 12 Ohio St.3d 100, 12 OBR 87, 465 N.E.2d 458, the Ohio Supreme Court ruled that autopsy reports in criminal cases were exempt from disclosure. It reasoned that the autopsy itself was the investigation. So too, other sophisticated scientific tests would be investigations. Thus, the records which Martinelli is seeking are otherwise exempt from disclosure. Accordingly, summary judgment for the coroner is granted.

## RECORDS OF SHERIFF McFAUL

■ In response to the request for all records relating to the death of Buchwald and the underlying murder case, the sheriff's office attached to the motion for summary judgment the affidavit of Lieutenant Garner. This affidavit establishes that the lieutenant searched the investigatory records of the sheriff's department and that the "department does not have any records whatsoever relating to the death of Gary Andrew Buchwald or the criminal investigation of Joseph P. Martinelli."

To respond properly to a motion for summary judgment, the non-moving party must set forth specific facts which are based on personal knowledge and would be admissible in evidence. Civ.R. 56(E). *Tomlinson v. Cincinnati* (1983), 4 Ohio St.3d 66, 4 OBR 155, 446 N.E.2d 454. A court may not consider inadmissible statements, such as hearsay or speculation, which are inserted into an opposing affidavit. If the opposing affidavits, disregarding the inadmissible statements, do not create a genuine issue of material fact, then the court may grant summary judgment, if the moving party is otherwise entitled to judgment. *Pond v. Carey Corp.* (1986), 34 Ohio App.3d 109, 517 N.E.2d 928; *Penwell v. Taft Broadcasting Co.* (1984), 13 Ohio App.3d 382, 13 OBR 466, 469 N.E.2d 1025.

In the present case Martinelli does not rebut Lt. Garner's affidavit that the sheriff's department has no investigatory records relating to the murder trial or the death of Buchwald. Martinelli speculates that the trial court may have ordered investigations after trial, but such speculations do not allege specific facts based on personal knowledge. Thus, Martinelli has not carried his burden as to investigatory records.

However, he does state specific facts as to other records relating to the underlying murder trial. The sheriff's department arrested Martinelli after his bond pending appeal had been revoked, and the department transferred him to the penitentiary in June 1983.

Records of arresting Martinelli after his bond had been revoked or transferring him to prison would not qualify as confidential law enforcement records. *State, ex rel. Outlet Communications, Inc., v. Lancaster Police Dept.* (1988), 38 Ohio St.3d 324, 528 N.E.2d 175, established that general arrest records are not exempt from disclosure.

Accordingly, the writ of mandamus is granted as to Sheriff McFaul as to any arrest records, transfer records or other records which so relate to the underlying murder trial.

## OTHER MOTIONS

The parties made various motions for extensions of time to respond to various motions. The court examined all filings submitted; thus, these motions are denied as moot. Martinelli moved to compel for discovery, and the county defendants moved for a protective order. These motions are also denied as moot.

In conclusion, the city of Cleveland motion's to dismiss is granted, and Martinelli's motion to consolidate this action with case No. 56461 is denied. The county defendants' motion for summary judgment is granted as to Judge Daniel O. Corrigan and the county coroner. The sheriff's motion for sum-

mary judgment is granted in part only as to investigatory records relating to the trial and the death of Buchwald; the sheriff established that he had no such records. Martinelli's writ of mandamus is granted as to the sheriff's records relating to any arrests of Martinelli or other such records relating to the trial. The sheriff shall allow Martinelli or his duly authorized representative to inspect those records or send him copies once the fee is paid. All other motions, including the county defendants' first motion to dismiss, are denied as moot.

*Judgment accordingly.*

DYKE and ANN McMANAMON, JJ., concur.