OPINION
On appeal appellants, the Put-In-Bay Township Trustees ("Trustees"), set forth the following three assignments of error:
"First Assignment of Error
 "THE TRIAL COURT ERRED IN ISSUING THE PEREMPTORY WRIT OF MANDAMUS BECAUSE [APPELLEE] FAILED TO NAME THE PROPER PARTY.
"Second Assignment of Error
 "THE TRIAL COURT ERRED IN FAILING TO GIVE [APPELLANTS] AN OPPORTUNITY TO RESPOND TO THE COMPLAINT FOR WRIT OF MANDAMUS.
"Third Assignment of Error
 "THE TRIAL COURT ERRED IN AWARDING ATTORNEY FEES TO [APPELLEE].
On October 28, 1997, appellee, Edmund Gudenas, filed a "COMPLAINT FOR WRIT OF MANDAMUS" against the Trustees, which alleged that the Trustees refused on several occasions to provide Gudenas with "a copy of the petition filed with the Put-In-Bay Township trustees requesting that Middle Bass Island be zoned." The complaint further alleged that the zoning petition sought by Gudenas was a public record, pursuant to Ohio's Public Records Act, R.C. 149.43. Attached to the complaint was Gudenas' affidavit, in which he stated that the Trustees had received the petition; however, the Trustees told Gudenas that a copy of the zoning petition was not available. Gudenas further stated in his affidavit that "time is of the essence in obtaining a copy of this petition" because the issue of zoning on Middle Bass Island had been placed on the November ballot. Attached to Gudenas' affidavit was a copy of the minutes of the Trustees' August 19, 1997 meeting, which stated that a "legal petition had been filed asking that zoning be proposed for Middle Bass Island."
The next day, on October 29, 1997, the trial court issued a "PEREMPTORY FOR WRIT OF MANDAMUS," which stated, in relevant part:
 "the court being satisfied that the right to the performance of the act prayed for in the complaint is clear, and it being apparent that no valid excuse can be given for not performing the act demanded, it is Ordered that a peremptory writ of mandamus be issued * * * and that Respondent, the Put-In-Bay Township Trustees * * *, deliver to Relator a copy of the petition received by the Township requesting that Middle Bass Island be zoned * * *."
In addition, the trial court ordered the Trustees to pay Gudenas' attorney fees and court costs.
On November 5, 1997, the Trustees filed a "NOTICE OFPARTIAL COMPLIANCE WITH ORDER" in which they stated that the "public record requested by [Gudenas] was sent to him and received by him * * * on October 31, 1997." The notice also stated that copies of the requested record had been sent to the Ottawa County Board of Elections, the Ottawa County Clerk of Courts, and Gudenas' attorney. The notice stated that the delay in producing the requested record "was unavoidable, as the individual in charge of keeping the records of the Township was incapacitated and seizing the records by anyone else was impracticable due to holder's illness."
On November 12, 1997, Gudenas' attorney filed a notice in the trial court which stated that the total of Gudenas' attorney fees and trial court costs was $1,237.50. On November 21, 1997, the Trustees filed a timely notice of appeal.
The Trustees assert in their first assignment of error that the trial court should not have granted Gudenas' petition for a writ of mandamus because the petition did not name the proper party as a respondent. In support thereof, the Trustees argue that the township clerk should have been named as the respondent in this mandamus action, and not the Trustees, because the clerk is the official who "is under a legal duty" to provide copies of public records.
Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station. R.C. 2731.01. It is well-settled that the requisites for mandamus are: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law.State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118. When a mandamus action is brought in the court of common pleas, the court may allow a peremptory writ of mandamus if "the right to require the performance of an act is clear and it is apparent that no valid excuse can be given for not doing it." R.C. 2731.06.
R.C. 149.43(B) provides that the persons who are "responsible for public records" shall, upon request, "make copies available at cost, within a reasonable period of time." R.C.149.43(C) provides, in relevant part, that:
 "if a person who has requested a copy of a public record allegedly is aggrieved by the failure of a person responsible for the public record to make a copy available to the person allegedly aggrieved in accordance with division (B) of this section, the person allegedly aggrieved may commence a mandamus action to obtain a judgment that orders the * * * person responsible for the public record to comply with division (B) of this section, and that awards reasonable attorney's fees to the person that instituted the mandamus action. * * *"
The Ohio Supreme Court has ruled that "[w]hen statutes impose a duty on a particular official to oversee records, that official is the `person responsible' under R.C. 149.43(B)." Stateex rel. Mothers Against Drunk Drivers v. Gosser (1985), 20 Ohio St.3d 30,33; State ex rel. Martinelli v. Corrigan (1991),71 Ohio App.3d 243. In this case, the "person responsible" to "keep an accurate record of the proceedings of the board of township trustees at all its meetings, and of all its accounts and transactions" is the township clerk. R.C.504.07.
This court has reviewed the entire record of proceedings before the trial court and, upon consideration thereof and the law, finds that the township clerk is the person with a duty to provide copies of public records pursuant to R.C. 149.43(B), and the trial court erred by finding that Gudenas had a clear legal right to compel the Trustees to provide him with a copy of the requested record. Accordingly, the Trustees' first assignment of error is well-taken.
Upon consideration of our disposition as to the Trustees' first assignment of error, we find that the Trustees' second and third assignments of error are moot.
On consideration whereof, this court finds further that substantial justice has not been done the party complaining, and the judgment of the Ottawa County Court of Common Pleas is reversed and this case is remanded to the trial court for further proceedings consistent with this opinion. Court costs of these proceedings are assessed to appellee Gudenas.
JUDGMENT REVERSED.
Peter M. Handwork, P.J.
 George M. Glasser, J.
 James R. Sherck, J.
CONCUR.