{¶ 25} I respectfully dissent from the opinion of the majority with regards to the appellant's first assignment of error because I believe that it misinterprets both the standard of review for summary judgment and the Ohio State Supreme Court's holding in Village v. GeneralMotors Corp. I also respectfully dissent from the majority's decision concerning the second assignment of error because I do not believe that the trial court abused its discretion in denying the appellant's motion to compel discovery.
 {¶ 26} "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims.[1] Once the moving party has satisfied this initial burden, the nonmoving party must then set forth specific facts, in the manner prescribed by Civ.R. 56(C), indicating that a genuine issue of material fact exists for trial.[2]
The nonmoving party may not merely rely on the pleadings nor rest on allegations, but must set forth specific facts that indicate the existence of a triable issue.[3]
 {¶ 27} In the instant case, Powertrain satisfied its initial burden by showing that the appellant could not prove an essential element of his case, specifically, that his claim was timely filed. As the majority concedes, the Ohio Administrative Code requires that a claimant show by a preponderance of the evidence that his or her claim is timely. Powertrain points to specific evidence of the type prescribed in Civ.R. 56(C) to demonstrate that the appellant cannot make such a showing. Particularly, Powertrain affirmatively shows that the appellant cannot establish exactly when his injury occurred and that he cannot establish when he sought medical treatment. This is apparent from the appellant's own affidavit and deposition. Therein, he states that he began the steering knuckle job sometime in late 1989 or early 1990. With regards to when he sought treatment, he states only that he believes it was within six months to no more than one year after beginning the job.
 {¶ 28} The appellee correctly states that, when ruling on a motion for summary judgment, a court may not consider affidavits based on hearsay, speculation, or otherwise inadmissible statements.[4] If the opposing affidavits, disregarding the inadmissible statements, do not create a genuine issue of material fact, then the court may grant summary judgment, if the moving party is otherwise entitled to judgment.[5]
Thus, the appellee asserts that this court cannot consider the appellant's affidavit or his deposition for the purpose of establishing when the appellant received treatment from the appellee's doctor, because the relevant statements amount to speculation.
 {¶ 29} I agree with the appellee that neither the appellant's affidavit nor his deposition testimony establish the existence of a question of fact as to whether the appellant was treated by the company physician for the purpose of showing that the statute of limitations was tolled. This is because the appellant never establishes an actual date on which he was treated. Furthermore, because Zestos put forth no other evidence in support of his claim, in my view, the affidavit and the deposition affirmatively demonstrate that he cannot prove that his claim was timely filed.
 {¶ 30} The majority's approach to this issue seeks to require the appellee to prove a negative; that the appellant's complaint was not filed in accordance with the statute of limitations. This is contrary to the Ohio Administrative Code, which clearly establishes that it is the claimant's duty to show that statute of limitations requirements have been met. However, assuming arguendo that the appellee has such a burden, the evidence to which Powertrain points, including its medical history of the appellee, establishs that Mr. Zestos did not seek treatment by the company physician until June 8, 1992. Thus, according to the evidence regarding when the appellant was first treated, reasonable minds could only conclude that he filed his claim outside the statute of limitations regardless of whether he began the steering knuckle job in late 1989 or early 1990.
 {¶ 31} Having established that the appellee has met its burden for summary judgment, I now turn to the appellant's corresponding burden. I note at the ouset the holding of the United States Supreme Court that: "the plain language of Rule 56(c) mandates the entry of summary judgment * * * against a party who fails to make a showing sufficient toestablish the existence of an element essential to that party's case, andon which that party will bear the burden of proof at trial."[6]
 {¶ 32} The majority seems to believe that, according to the reasoning in the Village v. General Motors Corp. case, the appellant need only assert that his injury occurred gradually as the result of repeated exposure to his job-related duties to avoid the necessity of establishing that his claim was filed within the statutory period. This belief is based on a misinterpretation and an unwarranted extension of the holding in Village. The majority is correct that the case stands for the proposition that injuries which develop gradually as a result of the performance of a claimant's work duties are compensable under the worker's compensation statute. However, Village was intended to overrule a line of authority which held that an injury must be the result of a sudden mishap and must occur at a particular time and place to fall under the purview of the statute. The case does not negate the appellant's burden to show that his complaint was filed within the statute of limitations. In fact, timely filing requirements are not even addressed in Village. The holding is intended only to extend workers' compensation coverage to particular type of work-related injuries previously excluded under the law. The majority seeks to unreasonably broad on the holding to serve its ends in the instant case.
 {¶ 33} Perhaps the majority's most egregious error of law and judgment is that, in its inexplicable drive to strengthen Mr. Zestos' argument, it sets out to make his case for him, picking cryptic facts out of the record to which the appellant has not himself alluded in order to create an issue of fact. In particular, the majority cites a June 28, 1992 notation in an unauthenticated copy of a medical chart that appears to be from Powertrain which makes an obscure reference to "RSLA" and reads "bursitis mono nervitis upper limb right elbow `pinched nerve' has release — Dr. Yusaf [Mr. Zestos' family physician]." This chart is not attached to either the appellant's original motion for summary judgment or his appellate brief and he never cites to this entry as support for any of his arguments.
 {¶ 34} It is clear that Civ.R. 56(e) requires the nonmoving party to go beyond the pleadings and by his or her own affidavits, or by the `depositions, answers to interrogatories, and admissions on file,'designate `specific facts showing that there is a genuine issue for trial.'[7] "The requirement that the adverse party `set forth specific facts' * * * means exactly what it says. The adverse party must `set up' the genuine material fact dispute through specific facts."[8] Thus, the appellant's corresponding burden, as the nonmoving party for summary judgment, is to point out to the court specific facts in the record that show a genuine issue of material fact. Put simply, Mr. Zestos, as the nonmovant for summary judgment, is required to direct the court to evidence in the record that supports his claim that he timely filed. While the June 28, 1992 entry may, in the majority's view, be favorable to the appellant, he has failed to make use of this evidence. Furthermore, there is nothing in the record that explains the meaning of this entry or authenticates the document as an actual copy of a Powertrain medical file. The appellant could have easily deposed one of Powertrain's doctors regarding the meaning of this entry and could also have easily obtained an affidavit authenticating the document. As the appellant has neither explained the significance of this "evidence" nor even alluded to it in any way, it is not within the province of this Court to make his arguments for him.
 {¶ 35} With regard to the appellant's second assignment of error, I disagree with the majority's opinion that the appellant's motion to compel should have been granted as to the "Benefits" records.
 {¶ 36} It is axiomatic that, notwithstanding the broad scope of discovery, the management of discovery lies within the sound discretion of the trial courts.[9] Thus, a trial court's decision regarding a motion to compel discovery may not be reversed absent a showing of an abuse of discretion which prejudicially affects a substantial right.[10]
 {¶ 37} As the majority points out, the trial court's judgment entry denying the appellant's motion provides no explanation for its ruling. However, the appellant has pointed to nothing in the record to suggest that the trial court abused its discretion by its ruling. Although the appellant claims that the requested information would have provided evidence of the appellee's knowledge of his injury and of the date on which the injury occurred, he does not provide us with any basis for this belief, beyond his own assertion that such documents exist. This assertion is, quite simply, insufficient to warrant a reversal where the standard of review requires the appellant to show an abuse of discretion prejudicial to a substantial right.
[1] Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
[2] Dresher v. Burt, 75 Ohio St.3d at 293.
[3] Shaw v. J. Pollock Co. (1992), 82 Ohio App.3d 656, 659.
[4] State ex rel. Martinelli v. Corrigan (1991), 71 Ohio App.3d 243,248.
[5] Pond v. Carey Corp. (1986), 34 Ohio App.3d 109; Penwell v.Taft Broadcasting Co. (1984), 13 Ohio App.3d 382.
[6] Celotex Corp. v. Catrett (1986), 477.U.S. 317, 322-23. In Wing v.Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, paragraph three of the syllabus, the Ohio Supreme Court adopted the Celotex standard: "A motion for summary judgment forces the nonmoving party to produceevidence on any issue for which that party bears the burden of productionat trial. (Celotex v. Catrett (1986), 477 U.S. 317, 106 S.Ct. 2548,91 L.Ed.2d 265, approved and followed.)" (Emphasis added.)
[7] Dresher, 75 Ohio St.3d at 289. (emphasis added.)
[8] Kaliszewski v. Stevens Towing (Nov. 9, 1990), Lake App. No. 89-L-14-144.
[9] State ex rel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55,57.
[10] Jaric, Inc. v. Chakroff (1989), 63 Ohio App.3d 506, 512, citingState ex rel. Daggett, 34 Ohio St.2d at 57-58.