OPINION
{¶ 1} Plaintiff-appellant, Richard Clifton, appeals a decision of the Clinton County Court of Common Pleas granting summary judgment in favor of defendant-appellee, the village of Blanchester, in a zoning dispute. For the reasons that follow, we affirm in part, reverse in part, and remand.
 {¶ 2} Appellant owns and resides on approximately 27 acres of real property located at the intersection of Collins-Riley Road and Middleboro Road in Blanchester, Ohio. In 1993, appellant purchased approximately 99 acres of farmland along Middleboro Road. In 1997, he *Page 2 
sold 2.87 acres of this farmland to the owners of J M Precision Machining, Inc. ("J M"). The remaining 97 acres of appellant's farmland is adjacent to J M on one side and to nine acres of land along Middleboro Road which appellant purchased around 1997 on the other side.
 {¶ 3} In February 2002, appellee rezoned J M's property. The previous I-1 classification, Restricted Industrial, permitted "industrial uses, which can be compatibly operated within or in very close proximity to residential areas. These establishments should be clean; quiet, void of such nuisance as odor, dust and smoke; operate primarily within enclosed structures; and generate little industrial traffic." The new I-2 classification, General Industrial, permitted "industrial uses generally requiring large sites and extensive range of services and facilities, including adequate access to highway development and integrated transportation facilities. Industrial uses in this classification typically operate from enclosed structures and often maintain large open storage in service areas where part of the production process may take place." None of the property owned by appellant was rezoned.
 {¶ 4} Relevant to this appeal, [1] appellant filed a complaint in the common pleas court on April 3, 2006. The complaint alleged that the rezoning of J M's property constituted a compensable "taking" of appellant's property because it caused a reduction in the value of his property so substantial that it deprived him of economic use of the land. Appellant sought damages in excess of $25,000. Appellee filed a motion for summary judgment, which the trial court granted. Appellant timely appeals, raising one assignment of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR *Page 3 
SUMMARY JUDGMENT."
 {¶ 7} Appellant argues that the trial court improperly awarded summary judgment to appellee because the rezoning of J M's property substantially decreased the per acre value of appellant's property for the purpose of residential lot sales. Although appellant concedes that the land holds some economic value because he is still able to farm it, he urges that the difference in value and economic return between farming and the intended use of development is substantial and amounts to a regulatory taking.
 {¶ 8} This court reviews a trial court's decision on summary judgment de novo. Burgess v. Tackas (1998), 125 Ohio App.3d 294, 296. Summary judgment is proper when (1) there are no genuine issues of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can only come to a conclusion adverse to the nonmoving party, construing the evidence most strongly in that party's favor. Civ. R. 56(C). See, also, Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 66.
 {¶ 9} The "takings clause" of the Fifth Amendment to the United States Constitution provides that private property shall not be taken for public use without just compensation. This clause applies to the individual states by virtue of the Fourteenth Amendment to the United States Constitution. Chicago Burlington Quincy RR. Co. v. Chicago
(1897), 166 U.S. 226, 233-34, 17 S.Ct. 581. See, also, Section 19, Article I, Ohio Constitution.
 {¶ 10} There are two types of regulatory actions that are considered to be per se takings for Fifth Amendment purposes. Lingle v. ChevronU.S.A., Inc. (2005), 544 U.S. 528, 538, 125 S.Ct. 2074. See, also,State ex rel. Shelly Materials, Inc. v. Clark Cty. Bd. of Commrs.,115 Ohio St.3d 337, 2007-Ohio-5022, ¶ 18. The first involves governmental regulations that cause an owner to suffer a permanent physical invasion of his property. See, e.g., Loretto v. Teleprompter Manhattan CATVCorp. (1982), 458 U.S. 419, 435-40, 102 S.Ct. 3164. The second involves governmental regulations that completely deprive an owner ofall *Page 4 
economically beneficial use of his property, also known as a "categorical taking" or "total taking." See, e.g., Lucas v. SouthCarolina Coastal Council (1992), 505 U.S. 1003, 1019, 112 S.Ct. 2886.
 {¶ 11} Apart from these two categories, there is a third category for partial takings which is governed by Penn Cent. Transp. Co. v. New YorkCity (1978), 438 U.S. 104, 98 S.Ct. 2646. The Penn Central analysis is appropriate in cases where there is no physical invasion of the complainant's property and the regulation deprives the property of less than 100 percent of its economically beneficial use. ShellyMaterials at ¶ 19. Under Penn Central, courts conduct an ad hoc examination of the following three factors to determine whether a partial regulatory taking has occurred: (1) the economic impact of the regulation on the claimant, (2) the extent to which the regulation has interfered with distinct investment-backed expectations, and (3) the character of the governmental action. Penn Central at 124. See, also,State ex rel. Horvath v. State Teachers Retirement Bd.,83 Ohio St.3d 67, 71, 1998-Ohio-424.
 {¶ 12} Regarding the first type of per se taking, a regulatory action that results in a permanent physical invasion, there were no allegations that Clifton suffered a physical invasion of his property. Regarding the second type of per se taking, a regulatory action that results in a total taking, the trial court granted summary judgment to appellee on the basis that there was no taking because the evidence established that appellant's property retained economic value. We agree with this conclusion and, in fact, appellant concedes that he still farms the land. At his deposition, appellant stated that he has farmed the land every year since he purchased it in 1993, and that he averages a profit of $4,000 to $5,000 per year from his farming operation. Such evidence clearly establishes that appellant's land was not rendered economically valueless by the rezoning of J M's property.
 {¶ 13} Nonetheless, we observe that the trial court's analysis fell short in that it did not *Page 5 
address the partial taking issue raised by appellant's takings claim in his complaint and further specified in his response to appellee's motion for summary judgment. Appellant submits that he presented sufficient Civ. R. 56 evidence to establish that there is a genuine issue regarding whether the rezoning so impacted the value of his land as to constitute a partial taking. Appellant contends that the rezoning had a negative economic impact on his land in that it substantially reduced the value thereof. The rezoning, according to appellant, interfered with his original "investment-backed expectations" in the property, i.e., his intent to develop and subdivide his land for residential sale. The trial court failed to address these Penn Central partial takings factors.
 {¶ 14} We affirm the trial court's grant of summary judgment in favor of appellee regarding the court's holding that the rezoning did not effect a total taking of appellant's property. We reverse the grant of summary judgment insofar as it failed to address the issue of whether the rezoning effected a partial taking of appellant's property underPenn Central, and remand the case for the limited purpose of addressing that issue.
 {¶ 15} Appellant's first assignment of error is overruled in part and sustained in part.
 {¶ 16} Judgment affirmed in part, reversed in part, and remanded.
WALSH, P.J. and BRESSLER, J., concur.
[1] Appellant filed his original complaint in the common pleas court on March 29, 2002, alleging that the February 2002 zoning ordinance was unconstitutional and that the rezoning constituted a "taking." The proceedings related to that complaint eventually terminated and are not relevant to the present appeal. *Page 1