The STATE of Ohio ex rel. GILMOUR REALTY, INC.

v.

CITY OF MAYFIELD HEIGHTS et al.

[Cite as *State ex rel. Gilmour Realty, Inc. v. Mayfield Hts.*, 180 Ohio App.3d 430, 2009-Ohio-29.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 90575.

Decided Jan. 7, 2009.

Rudolph J. Geraci, for relator.

The Carr Law Firm, Leonard F. Carr, and L. Bryan Carr, for respondents.

---

COLLEEN CONWAY COONEY, Administrative Judge.

{¶ 1} Following remand from the Supreme Court of Ohio, Gilmour Realty, Inc.'s ("Gilmour's") complaint for a writ of mandamus is once again before this court for consideration. Gilmour seeks an order from this court requiring the city of Mayfield Heights ("Mayfield") and the City of Mayfield Heights Planning Commission ("Commission") to commence appropriation proceedings in the Cuyahoga County Court of Common Pleas, Probate Division, in order to determine the alleged damages that resulted from the passage of a rezoning ordinance. Mayfield and the commission originally filed a joint motion for summary judgment or, in the alternative, a motion to dismiss, which we treated solely as a joint motion

to dismiss. We shall now consider the motion for summary judgment jointly filed by Mayfield and the commission as well as the motion for summary judgment filed by Gilmour. For the following reasons, we grant the joint motion for summary judgment and deny Gilmour's motion for summary judgment.

## Facts

{¶ 2} Gilmour has owned and operated a mortgage-brokerage business and a title agency at 5747 Mayfield Road in Mayfield Heights since 1999. In need of additional office space, Gilmour purchased two surrounding parcels of property: (1) 1461 Eastwood Avenue in Mayfield Heights (permanent parcel no. 861–01–082); and (2) 1455 Eastwood Avenue in Mayfield Heights (permanent parcel no. 861–01–080) ("the two parcels"). The two parcels were originally zoned U–4 Local Retail/Wholesale District, which permitted commercial use and could be converted into expanded office space.

{¶ 3} On March 8, 2004, Mayfield passed Ordinance No. 2004–04, which rezoned the two parcels from U–4 Local Retail/Wholesale District to U–1/Single Family House District and prohibited any commercial development or use. On October 19, 2007, Gilmour filed its complaint for a writ of mandamus.

{¶ 4} Following an extended briefing schedule, this court granted a joint motion to dismiss on behalf of Mayfield and the commission on the basis that a pending complaint for a declaratory judgment, filed in common pleas court, constituted an adequate remedy at law that prevented the granting of a writ of mandamus. *State ex rel. Gilmour Realty, Inc. v. Mayfield Hts.*, 174 Ohio App.3d 113, 2007-Ohio-6480, 881 N.E.2d 277.

{¶ 5} Gilmour appealed our decision to the Supreme Court of Ohio. On July 2, 2008, the Supreme Court reversed our judgment. See *State ex rel. Gilmour Realty, Inc. v. Mayfield Hts.*, 119 Ohio St.3d 11, 2008-Ohio-3181, 891 N.E.2d 320. The cause was remanded to this court for further proceedings with the specific instruction that "the parties shall be given the opportunity to introduce evidence and argument on Gilmour's partial regulatory-takings claim." Id. at ¶ 21.

{¶ 6} On August 22, 2008, this court issued an order that provided (1) the original action for a writ of mandamus was reinstated to the active docket, (2) the parties were granted leave to file supplemental briefs, and (3) disposition of the writ of mandamus was to be based upon all previously filed briefs and motions as well as any supplemental briefs. Pursuant to this order, the parties filed additional supplemental briefs with attached exhibits and documents. It must also be noted that neither party, following this order, has requested oral argument with regard to the pending motions for summary judgment, nor have they requested the appointment of a magistrate to receive and report evidence and provide this court with findings of fact and conclusions of law.

Gilmour's Complaint for a Writ of Mandamus

{¶ 7} In the case sub judice, Gilmour argues that the act of rezoning the two parcels from commercial to residential usage resulted in an uncompensated taking. Specifically, Gilmour argues that the act of rezoning the two parcels from commercial to residential usage resulted in the inability to exploit a property interest and market-value loss. Gilmore argues that its loss requires that this court issue a writ of mandamus ordering Mayfield and the commission to commence appropriation proceedings.

Partial Regulatory Taking

{¶ 8} The Fifth Amendment to the United States Constitution, which is often referred to as the "Just Compensation Clause," provides that private property shall not be taken for public use without compensation. *Webb's Fabulous Pharmacies, Inc. v. Beckwith* (1980), 449 U.S. 155, 101 S.Ct. 446, 66 L.Ed.2d 358. Section 19, Article 1 of the Ohio Constitution also provides that private property shall not be taken for public use, unless just compensation is provided. *State ex rel. Trafalgar Corp. v. Miami Cty. Bd. of Commrs.*, 104 Ohio St.3d 350, 2004-Ohio-6406, 819 N.E.2d 1040.

{¶ 9} Two separate actions on the part of the government constitute a per se taking, which requires compensation under the Fifth Amendment: (1) permanent physical invasion of property, and (2) government regulations that completely divest a property owner of all economically beneficial uses of the property. *Loretto v. Teleprompter Manhattan CATV Corp.* (1982), 458 U.S. 419, 102 S.Ct. 3164, 73 L.Ed.2d 868. See also *Lucas v. South Carolina Coastal Council* (1992), 505 U.S. 1003, 112 S.Ct. 2886, 120 L.Ed.2d 798. A third basis for compensation involves a claim of partial regulatory taking under the test established by the Supreme Court of the United States in *Penn Cent. Transp. Co. v. New York City* (1978), 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631.

{¶ 10} The Supreme Court of Ohio, in applying the holding of *Penn Cent.*, established that "*Penn Cent.* recognizes an ad hoc, factual inquiry that requires the examination of the following three factors to determine whether a regulatory taking occurred in cases in which there is no physical invasion and the regulation deprives the property of less than 100 percent of its economically viable use: (1) the economic impact of the regulation on the claimant, (2) the extent to which the regulation has interfered with distinct investment-backed expectations, and (3) the character of the governmental action." *State ex rel. Shelly Materials, Inc. v. Clark Cty. Bd. of Commrs.*, 115 Ohio St.3d 337, 2007-Ohio-5022, 875 N.E.2d 59, ¶ 19.

{¶ 11} In the instant case, Gilmour alleges that the rezoning of the two properties "from Commercial to Residential denied the Plaintiff the economical

viable use of the properties as they planned and interfered with the Relator's investment backed expectations," which mandates that this court issue a writ of mandamus in order to allow for the commencement of appropriation proceedings in the probate court.

## Elements Required to Establish Writ of Mandamus

{¶ 12} Mandamus is an extraordinary remedy, "to be issued with great caution and discretion and only when the way is quite clear." *State ex rel. Kriss v. Richards* (1921), 102 Ohio St. 455, 457, 132 N.E. 23. See also *State ex rel. Skinner Engine Co. v. Kouri* (1940), 136 Ohio St. 343, 16 O.O. 492, 25 N.E.2d 940. Mandamus is the appropriate remedy to compel a public entity to commence an appropriation action when an involuntary taking of private property is alleged. *State ex rel. Preschool Dev., Ltd. v. Springboro,* 99 Ohio St.3d 347, 2003-Ohio-3999, 792 N.E.2d 721. However, before this court will issue a writ of mandamus requiring Mayfield or the commission to commence an appropriation action in the probate court, Gilmour must demonstrate that (1) Gilmour possesses a clear legal right to compel Mayfield and the commission to commence an appropriation action, (2) Mayfield and the commission possess a clear legal duty to institute the appropriation action, and (3) there exists no other adequate remedy in the ordinary course of the law. *State ex rel. Savage v. Caltrider,* 100 Ohio St.3d 363, 2003-Ohio-6806, 800 N.E.2d 358. The Supreme Court of Ohio has already determined that Gilmour possesses no other adequate remedy at law. Thus, we must determine whether Gilmour has met the first and second prongs of the aforesaid three-part test.

## Motion for Summary Judgment Pursuant to Civ.R.56(C)

{¶ 13} Mayfield and the commission, through their joint motion for summary judgment, argue that they are entitled to summary judgment as a matter of law. Specifically, Mayfield and the commission argue that the rezoning of the two parcels did not effect a taking pursuant to the holding of *Penn Cent.* and thus they are entitled to summary judgment as a matter of law.

{¶ 14} Summary judgment, pursuant to Civ.R. 56(C), shall be rendered on behalf of the moving party when (1) there exists no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence submitted to the court that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267. Accord *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

{¶ 15} In addition, Civ.R. 56(C) delineates the different kinds of evidence that may be considered in a motion for summary judgment. This court may only consider the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact. Finally, this court, in *State ex rel. Martinelli v. Corrigan* (1991), 71 Ohio App.3d 243, 593 N.E.2d 364, held that:

{¶ 16} "To respond properly to a motion for summary judgment, the nonmoving party must set forth specific facts which are based on personal knowledge and would be admissible as evidence. Civ.R. 56(E). *Tomlinson v. Cincinnati* (1983), 4 Ohio St.3d 66, 4 OBR 155, 446 N.E.2d 454. A court may not consider inadmissible statements, such as hearsay or speculation, which are inserted into an opposing affidavit. If the opposing affidavits, disregarding the inadmissible statements, do not create a genuine issue of material fact, then the court may grant summary judgment, if the moving party is otherwise entitled to judgment. *Pond v. Carey Corp.* (1986), 34 Ohio App.3d 109, 517 N.E.2d 928; *Penwell v. Taft Broadcasting Co.* (1984), 13 Ohio App.3d 382, 13 OBR 466, 469 N.E.2d 1025." Id. at 248, 71 Ohio App.3d 243, 593 N.E.2d 364.

### Analysis

{¶ 17} Mayfield and the commission, through their motion for summary judgment, argue that Gilmour has failed to establish that the zoning change applicable to the two parcels from U–4 Local Retail/Wholesale District to U–1/Single Family House District has resulted in a partial regulatory taking. We shall now examine in detail the pleadings, motions, and attached exhibits that were filed with this court in order to determine whether Gilmour has established the existence of a compensable partial regulatory taking vis-a-vis the economic impact of the rezoning on Gilmour, the extent to which the rezoning has interfered with distinct investment-backed expectations, and the character of the governmental action. The record before us includes the following:

1) October 19, 2007—verified complaint for a writ of mandamus with affidavit attached.

A) Sworn affidavit of Peter Moran, president of Gilmour Realty, recites factual history that culminated in filing of writ of mandamus:

"Relator planned to convert the bungalows located thereon for office use and incorporate them into its existing and expanding business.

"Which action Relator claims 'denied the owner economically viable use of his land' and 'interfered with the property owner's investment-back expectations' for the property and in effect a 'taking' of Relator's property for which Relator is entitled to 'Just Compensation.' *Goldberg v. Richmond Heights*, 81 Ohio

St.3d 207[, 690 N.E.2d 510], *Shemo v. City of Mayfield Heights*, 9[6] Ohio St.3d 379[, 2002-Ohio-4905, 775 N.E.2d 493].

"After the City of Mayfield Heights approved the use of the properties purchased by the Plaintiff for commercial use, the Plaintiff spent a considerable amount of money in purchasing, renovating, converting and improving the properties so they could be used by the Plaintiff as office space.

"Gilmour Realty Inc. has no plain and adequate remedy in the ordinary course of the law to require the city to compensate them fairly for the losses they have incurred and will incur as a result of the City's Action in rezoning their properties from U4 commercial to U1."

2) October 24, 2007—plaintiff-relator's memorandum of law in support of complaint for writ of mandamus.

A) Exhibit 1b—letter from Thomas F. Hippley, city engineer, with regard to Mayfield Heights zoning map.

B) Exhibit 1c—legal description for area of land zoned U–4 on the west side of Eastwood Avenue at Mayfield Road.

C) Exhibit 1d—map of Eastwood Avenue, Mayfield, Ohio.

D) Exhibit 2a/2b—deed for permanent parcel no. 861–01–080.

E) Exhibit 2c/2d—deed for permanent parcel no. 861–01–005.

F) Exhibit 2e/2f—deed for permanent parcel no. 861–01–082.

G) Exhibit 3a—agenda for Mayfield Heights Council, March 24, 2003.

H) Exhibit 3b—drawing index of Gilmour properties.

I) Exhibit 3c—map of Mayfield Road, Mayfield, Ohio.

J) Exhibit 4a/4b—Mayfield Heights planning commission minutes, January 19, 2004.

K) Exhibit 5a thru 5h—traffic-flow report from Traff–Pro Consultants, Inc., June 14, 2002.

L) Exhibit 5i—traffic-flow report from Traff–Pro Consultants, Inc., August 26, 2002.

M) Mayfield Heights traffic bureau report.

N) Mayfield Heights fire review report.

O) Mayfield Heights Ordinance No. 2004–04—ordinance amending the zone map of the city of Mayfield Heights, Ohio, so as to rezone permanent parcel numbers 861–01–080 (1455 Eastwood Avenue) and 861–01–082 (1461 Eastwood Avenue) from their current U–4:Local Retail/Wholesale District to U–1/Single Family House District.

P) Exhibit 7a thru 7e—Mayfield Heights Council meeting minutes, January 26, 2004.

Q) Exhibit 8a thru 8f—Mayfield Heights Council meeting minutes, March 8, 2004.

R) Exhibit 9a thru 9e—copy of *Daus v. Pepper Pike* (June 7, 1984), Cuyahoga App. No. 47411.

3) October 26, 2007—supplemental attachments to plaintiff-relator's memorandum of law in support of complaint for writ of mandamus.

A) Exhibit 1a—letter from Fisher & Associates, Consulting Engineers, September 30, 2002.

B) Exhibit 3d—photograph of home located at 5747 Mayfield Road, Mayfield, Ohio.

C) Exhibit 3e—photograph of corner of Mayfield Road and Eastwood Avenue, Mayfield Heights, Ohio.

D) Exhibit 3f—photograph of 5762/5767 Mayfield Road, Mayfield Heights, Ohio.

E) Exhibit 3g—photograph of northwest corner of Mayfield Road and Summit Avenue, Mayfield Heights, Ohio.

4) November 9, 2007—respondents' motion for summary judgment or, in the alternative, motion to dismiss the relator's verified complaint for writ of mandamus.

A) Exhibit A1—photograph of house.

B) Exhibit A2—photograph of house.

C) Exhibit A3—photograph of house.

D) Exhibit A4—sworn affidavit of Donna Covey, Building and Housing Inspector for Mayfield Heights.

E) Exhibit B—verified complaint for declaratory and injunctive relief as filed on March 3, 2004, in *Gilmour Realty, Inc. v. Mayfield Heights,* Cuyahoga County Court of Common Pleas Case No. CV–04–524165.

F) Exhibit C—amended complaint as filed on July 15, 2004, in *Gilmour Realty, Inc. v. Mayfield Heights,* Cuyahoga County Court of Common Pleas Case No. CV–04–524165.

G) Exhibit D—verified complaint for declaratory and injunctive relief as filed on June 5, 2006, in *Gilmour Realty, Inc. v. Mayfield Heights,* Cuyahoga County Court of Common Pleas Case No. CV–04–593223.

H) Exhibit E—copy of docket as maintained in *Gilmour Realty, Inc. v. Mayfield Heights,* Cuyahoga County Court of Common Pleas Case No. CV–04–593223.

I) Exhibit F—letter from Leonard F. Carr/ L. Bryan Carr to Rudolph J. Geraci, October 26, 2007.

J) Exhibit G—fax from Rudolph J. Geraci to Leonard F. Carr, October 29, 2007.

5) November 16, 2007—plaintiff-relator's brief in opposition to respondents' motion to dismiss relator's complaint for writ of mandamus

A) Exhibit A—letter from Leonard F. Carr/L. Bryan Carr to Rudolph J. Geraci, October 26, 2007.

6) November 28, 2007—plaintiff-relator's brief in opposition to respondents' motion for summary judgment and plaintiff-relator's motion for summary judgment.

No exhibits attached.

7) December 6, 2007—respondents' reply to plaintiff-relator's brief in opposition to respondents' motion for summary judgment and plaintiff-relator's motion for summary judgment.

No exhibits attached.

8) September 9, 2008—supplemental brief and attachments in support of plaintiff-relator's complaint for writ of mandamus.

A) Exhibit 1 thru 6—unverified appraiser's report from Julian Vanni to Rudolph J. Geraci concerning the properties located at 5747 Mayfield Road, permanent parcel no. 861–01–005; 1455 Eastwood Avenue, permanent parcel no. 861–01–080; and 1461 Eastwood Avenue; permanent parcel no. 861–01–082.

9) September 11, 2008—respondents' brief opposing relator's verified complaint for writ of mandamus; request that relator's verified complaint for writ of mandamus be denied or dismissed by summary judgment or motion to dismiss standard(s).

A) Exhibit A1—photograph of home.

B) Exhibit A2—photograph of home.

C) Exhibit A3—photograph of home.

D) Exhibit B—Mayfield Heights Council meeting minutes, February 24, 2003.

E) Exhibit C—Mayfield Heights Council meeting minutes, March 24, 2003.

D) Exhibit E—Mayfield Heights Council meeting minutes, June 23, 2003.

E) Exhibit F—plaintiff's motion for summary judgment as filed in *Gilmour Realty, Inc. v. Mayfield Heights, et al,* Cuyahoga County Court of Common Pleas Case No. CV–04–524165.

10) September 18, 2008—respondents' notice of additional authority.

No exhibits attached.

11) September 22, 2008—relator's notice of filing of supplemental authority and evidence

A) Exhibit—unverified appraiser's report from Julian Vanni to Rudolph J. Geraci concerning the properties located at 5747 Mayfield Road, permanent parcel no. 861–01–005; 1455 Eastwood Avenue, permanent parcel no. 861–01–080; and 1461 Eastwood Avenue; permanent parcel no. 861–01–082.

{¶ 18} After a thorough examination of the aforesaid pleadings, motions, and exhibits, we find that Gilmour has failed to provide this court with any admissible evidence or testimony that demonstrates the claim of a partial regulatory taking. The only two exhibits that potentially establish Gilmour's claims that the rezoning of the two parcels resulted in a detrimental economic impact and further interfered with distinct investment-backed expectations cannot be considered by this court. The appraiser's reports of Julian Vanni, which are attached as exhibits to the supplemental brief and attachments in support of relator's complaint for writ of mandamus, and the relator's notice of filing of supplemental authority and evidence potentially support Gilmour's claim of partial regulatory taking.

{¶ 19} The appraiser's reports, however, may not be considered by this court because they do not constitute "pleading[s], depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact." *Biskupich v. Westbay Manor Nursing Home* (1986), 33 Ohio App.3d 220, 222, 515 N.E.2d 632. In addition, the two appraiser's reports cannot be considered by this court because neither report was accompanied by a properly framed affidavit as required by Civ.R. 56(E). *State ex rel. Anderson v. Obetz*, Franklin App. No. 06AP–1030, 2008-Ohio-4064, 2008 WL 3319285, ¶ 30. The remaining exhibits attached to the pleadings and motions fail to demonstrate that the rezoning of the two parcels resulted in any cognizable detrimental economic impact or further interfered with any distinct investment-backed expectations.

{¶ 20} It must also be noted that the averments of Peter Moran, president of Gilmour Realty, with regard to the claims that the rezoning of the two parcels interfered with the planned economic use of the land and interfered with investment-backed expectations, without more, do not establish a taking. *State ex rel. BSW Dev. Group v. Dayton* (1998), 83 Ohio St.3d 338, 699 N.E.2d 1271. Finally, Gilmour has failed to demonstrate that the rezoning of the two properties did not relate to promoting the general welfare of the citizens of Mayfield, which prevents us from concluding that the rezoning constituted a governmental taking. Cf. *Tahoe–Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency* (2002), 535 U.S. 302, 122 S.Ct. 1465, 152 L.Ed.2d 517; *Goldblatt v. Hempstead* (1962), 369 U.S. 590, 82 S.Ct. 987, 8 L.Ed.2d 130.

Conclusion

{¶ 21} As a matter of law, Gilmour has failed to establish that the rezoning of the two parcels effected a partial regulatory taking of Gilmour's private property. Therefore, we find that Gilmour has failed to demonstrate that (1) it possesses a clear legal right to appropriation proceedings, and (2) Mayfield and the commission possess a clear legal duty to initiate appropriation proceedings. The failure of Gilmour to establish right and duty prevents this court from granting the requested writ of mandamus. Cf. *Clifton v. Blanchester,* Clinton App. No. CA2007–09–040, 2008-Ohio-4434, 2008 WL 4058098; *State ex rel. Duncan v. Middlefield,* Lake App. No. 2005–L–140, 2008-Ohio-1891, 2008 WL 1777844; see also *State ex rel. Duncan v. Middlefield,* 120 Ohio St.3d 313, 2008-Ohio-6200, 898 N.E.2d 952.

{¶ 22} Accordingly, we grant the joint motion for summary judgment filed by Mayfield and the commission and deny Gilmour's motion for summary judgment. Costs to Gilmour. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).

Writ denied.

CALABRESE and ROCCO, JJ., concur.