The STATE of Ohio ex rel. GILMOUR REALTY, INC., Relator,

v.

CITY OF MAYFIELD HEIGHTS et al., Respondents.

[Cite as *State ex rel. Gilmour Realty, Inc. v. Mayfield Hts.*, 174 Ohio App.3d 113, 2007-Ohio-6480.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 90575.

Decided Dec. 4, 2007.

Rudolph J. Geraci, for relator.

The Carr Law Firm, Leonard F. Carr, and L. Bryan Carr, for respondents.

COLLEEN CONWAY COONEY, Judge.

{¶ 1} Gilmour Realty, Inc., has filed a complaint for a writ of mandamus. Gilmour seeks an order from this court that requires the city of Mayfield Heights ("Mayfield") and the City of Mayfield Heights Planning Commission ("commission") to commence appropriation proceedings in the Cuyahoga County Court of Common Pleas, Probate Division, in order to determine the damages that resulted from the passage of a rezoning ordinance. Mayfield and the commission have filed a joint motion for summary judgment or, in the alternative, a motion to dismiss, which we shall treat solely as a joint motion to dismiss. Mayfield and the commission also request the imposition of attorney fees and sanctions for the alleged violation of Civ.R. 11 and R.C. 2323.51.

{¶ 2} Since 1999, Gilmour has owned and operated a mortgage brokerage business and a title agency at 5747 Mayfield Road, Mayfield Heights, Ohio. In

an attempt to expand its office space, Gilmour purchased two surrounding parcels of property: (1) 1461 Eastwood Avenue, Mayfield Heights, Ohio (Parcel Id. 861–01–082); and (2) 1455 Eastwood Avenue, Mayfield Heights, Ohio (Parcel Id. 861–01–080). Each of the two parcels, when purchased by Gilmour, was zoned for commercial use and could be converted into expanded office space.

{¶ 3} On March 8, 2004, Mayfield passed Ordinance No. 2004–04, which rezoned the two parcels of property purchased by Gilmour from commercial usage to strictly residential usage. On March 3, 2004, Gilmour filed a verified complaint for declaratory judgment and injunctive relief in *Gilmour Realty, Inc. v. Mayfield Hts.*, Cuyahoga County Court of Common Pleas Case No. CV–04–524165. On July 15, 2004, Gilmour filed an amended complaint but voluntarily dismissed the complaint for declaratory judgment and injunctive relief on June 6, 2005. On June 5, 2006, Gilmour refiled its complaint for declaratory judgment and injunctive relief in *Gilmour Realty, Inc. v. Mayfield Hts.*, Cuyahoga County Court of Common Pleas Case No. CV–06–593223. Gilmour, through its complaint for declaratory judgment and injunctive relief, which remains pending before the Cuyahoga County Court of Common Pleas, alleges the following: (1) the rezoning of the two parcels of property, from commercial usage to residential usage, was unreasonable; (2) the rezoning was unlawful; (3) the rezoning of the two parcels devalued their worth; (4) the rezoning of the two parcels was arbitrary, capricious, and bears no substantial relation to the public health, safety, and welfare; and (5) the rezoning of the two parcels amounted to a taking, which requires compensation. On October 19, 2007, Gilmour filed its complaint for a writ of mandamus.

{¶ 4} The Fifth Amendment to the United States Constitution, which is often referred to as the Just Compensation Clause, provides that private property shall not be taken for public use without compensation. *Webb's Fabulous Pharmacies, Inc. v. Beckwith* (1980), 449 U.S. 155, 101 S.Ct. 446, 66 L.Ed.2d 358. Section 19, Article I of the Ohio Constitution also provides that private property shall not be taken for public use unless just compensation is provided. *State ex rel. Trafalgar Corp. v. Miami Cty. Bd. of Commrs.*, 104 Ohio St.3d 350, 2004-Ohio-6406, 819 N.E.2d 1040.

{¶ 5} Mandamus is an extraordinary remedy, "to be issued with great caution, and only when the way is clear." *State ex rel. Kriss v. Richards* (1921), 102 Ohio St. 455, 457, 132 N.E. 23. See also *State ex rel. Skinner Engine Co. v. Kouri* (1940), 136 Ohio St. 343, 16 O.O. 492, 25 N.E.2d 940. Mandamus is the appropriate remedy to compel a public entity to commence an appropriation action when an involuntary taking of private property is alleged. *State ex rel. Preschool Dev., Ltd. v. Springboro*, 99 Ohio St.3d 347, 2003-Ohio-3999, 792 N.E.2d 721. However, before this court will issue a writ of mandamus, which requires

Mayfield or the commission to commence an appropriation action in the Cuyahoga County Court of Common Pleas, Probate Division, Gilmour must demonstrate that (1) Gilmour possesses a clear legal right to compel Mayfield or the commission to commence an appropriation action; (2) Mayfield or the commission possess a clear legal duty to institute the appropriation action; and (3) there exists no other adequate remedy in the ordinary course of the law. *State ex rel. Savage v. Caltrider,* 100 Ohio St.3d 363, 2003-Ohio-6806, 800 N.E.2d 358. In the case sub judice, we hold that Gilmour has failed to establish that it does not possess an adequate remedy in the regular course of the law.

{¶ 6} Ordinarily, the claim that a relator possesses an adequate remedy at law, which precludes this court from issuing a writ of mandamus, is not properly raised though a motion to dismiss under Civ.R. 12(B)(6). *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 106, 647 N.E.2d 799; *State ex rel. Birdsall v. Stephenson* (1994), 68 Ohio St.3d 353, 626 N.E.2d 946. The Supreme Court of Ohio, however, has affirmed dismissals pursuant to Civ.R. 12(B)(6) based upon the existence of an adequate remedy at law. *State ex rel. Sobczak v. Skow* (1990), 49 Ohio St.3d 13, 550 N.E.2d 455; *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 63 O.O.2d 88, 295 N.E.2d 659.

{¶ 7} Under the facts specific and peculiar to this action in mandamus, we conclude that Gilmour possesses an adequate remedy at law vis-a-vis the action for declaratory judgment and injunctive relief as presently pending within the Cuyahoga County Common Pleas Court. *State ex rel. Shelly Materials, Inc. v. Clark Cty. Bd. of Comm.,* 115 Ohio St.3d 337, 2007-Ohio-5022, 875 N.E.2d 59. Gilmour has specifically requested that the common pleas court determine that the rezoning ordinance was unreasonable, the rezoning was unlawful, the rezoning ordinance devalued the worth of the two properties, the rezoning ordinance was arbitrary and capricious, and the *rezoning ordinance amounted to a taking that requires compensation.*

{¶ 8} We are aware of the recent decision rendered by the Supreme Court of Ohio, in *State ex rel. Coles v. Granville,* 116 Ohio St.3d 231, 2007-Ohio-6057, 877 N.E.2d 968, which further examined the issue of an adequate remedy at law vis-a-vis an action in mandamus that seeks to compel public authorities to commence appropriation proceedings for an involuntary taking of private property. We find, however, that *Coles* is not applicable to the peculiar fact situation found in the instant complaint for mandamus. Gilmour's request for a declaratory judgment and injunctive relief clearly provides a complete and adequate remedy in light of the fact that Gilmour seeks damages for the alleged injuries, which occurred as a result of the rezoning of the two parcels of property. Cf. *State ex rel. Fattlar v. Boyle* (1998), 83 Ohio St.3d 123, 698 N.E.2d 987. Thus, Gilmour

has failed to state a claim upon which relief can be granted.   Cf. *State ex rel. Peeples v. Anderson* (1995), 73 Ohio St.3d 559, 653 N.E.2d 371.

{¶ 9} It must also be noted that " '[w]here parties to a mandamus action are also parties, or may be joined as parties, in a previously-filed declaratory judgment action involving the same subject matter, a court, in the exercise of its discretion, may refuse to issue a writ of mandamus.' " *State ex rel. Gaydosh v. Twinsburg* (2001), 93 Ohio St.3d 576, 579, 757 N.E.2d 357, quoting *State ex rel. Bennett v. Lime* (1978), 55 Ohio St.2d 62, 9 O.O.3d 69, 378 N.E.2d 152, syllabus. Because the identical parties and issues as found herein are also found in the declaratory-judgment action filed in the Cuyahoga County Common Pleas Court, we exercise our discretion and refuse to issue a writ of mandamus.   *State ex rel. Beane v. Dayton,* 112 Ohio St.3d 553, 2007-Ohio-811, 862 N.E.2d 97.

{¶ 10} Finally, we deny the request for attorney fees and sanctions.   The conduct of Gilmour and its attorney in bringing this action in mandamus does not rise to the level of frivolous conduct, which is defined as the filing of a civil action that serves only to harass or maliciously injure the opposing party or is unwarranted under existing law.   *Moore v. Cleveland,* Cuyahoga App. No. 83070, 2004-Ohio-360, 2004 WL 170343.

{¶ 11} Accordingly, we grant the joint motion to dismiss, but deny the request for attorney fees and sanctions.   It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).   Costs to Gilmour.

Complaint dismissed.

CALABRESE and ROCCO, JJ., concur.