THE STATE EX REL. GILMOUR REALTY, INC., APPELLANT,
*v.* CITY OF MAYFIELD HEIGHTS ET AL., APPELLEES.

[Cite as *State ex rel. Gilmour Realty, Inc. v. Mayfield Hts.*, 119 Ohio St.3d 11, 2008-Ohio-3181.]

(No. 2007–2325—Submitted June 24, 2008—Decided July 2, 2008.)

---

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing an action for a writ of mandamus to compel a city and its planning commission to commence appropriation proceedings based on an alleged regulatory taking. Because the court of appeals erred in holding that the appellant has an adequate remedy in the ordinary course of law by way of its pending common pleas court action for declaratory and injunctive relief, we reverse the judgment of the court of appeals and remand the cause for further proceedings.

### Purchase of Property for Commercial Use

{¶ 2} Beginning in 1999, appellant, Gilmour Realty, Inc. ("Gilmour"), operated a mortgage brokerage and title agency on property it owned at 5747 Mayfield Road in appellee city of Mayfield Heights, Ohio. Gilmour purchased two properties in Mayfield Heights, 1461 Eastwood Avenue in 2001, and 1455 Eastwood Avenue in 2003. Before each purchase, the city had verified that the property was zoned U–4 Local Retail/Wholesale District, which permitted commercial use. The Eastwood Avenue properties were located directly north of Gilmour's existing business property, and Gilmour purchased them to be used for additional office space. The Mayfield Heights City Council approved a site plan for the conversion of Gilmour's Eastwood Avenue properties for office use in conjunction with their existing mortgage and title businesses at 5747 Mayfield Road in March 2003.

### Rezoning of the Property

{¶ 3} In January 2004, appellee Mayfield Heights Planning Commission recommended that the city council rezone Gilmour's Eastwood Avenue properties from U–4 Local Retail/Wholesale District, which permits commercial use, to U–1 Single Family House District, which does not.

{¶ 4} In March 2004, the city council adopted Ordinance No. 2004-4, which rezoned 1455 and 1461 Eastwood Avenue from U–4 to U–1.

### Action for Declaratory and Injunctive Relief

{¶ 5} Just before the city council rezoned Gilmour's Eastwood Avenue properties from commercial to residential, Gilmour filed a complaint in the Cuyahoga County Court of Common Pleas against Mayfield Heights, the mayor, and the members of city council for a judgment declaring that the proposed rezoning

amounted to an unlawful taking of Gilmour's property without compensation. Gilmour further requested a prohibitory injunction preventing the city and the other defendants from proceeding to enact the rezoning ordinance.

{¶ 6} A few months later, Gilmour filed an amended complaint requesting $750,000 in compensation as a result of the rezoning. Gilmour later dismissed its action without prejudice.

{¶ 7} Gilmour filed a new complaint in June 2006, requesting a declaratory judgment against the city and the other defendants and an injunction prohibiting them from rezoning the property. Gilmour again alleged that the rezoning of its. Eastwood Avenue properties constituted a compensable taking, but he did not request damages.

## Mandamus Case

{¶ 8} In October 2007, Gilmour filed a complaint in the Court of Appeals for Cuyahoga County for a writ of mandamus to compel appellees, Mayfield Heights and its planning commission, to commence appropriation proceedings. Gilmour alleged that the city's rezoning of the Eastwood Avenue properties from commercial to residential constituted a taking because the rezoning denied Gilmour "the economical[ly] viable use of the properties as [it] planned and interfered with [its] investment backed expectations." Appellees filed a motion for summary judgment or, in the alternative, motion to dismiss.

{¶ 9} The court of appeals treated appellees' motion as a motion to dismiss for failure to state a claim upon which relief can be granted, granted the motion, and dismissed Gilmour's mandamus complaint. 174 Ohio App.3d 113, 2007-Ohio-6480, 881 N.E.2d 277.

## Mandamus: Adequate Remedy in the Ordinary Course of the Law

{¶ 10} Gilmour asserts that the court of appeals erred in dismissing his mandamus claim. Dismissal under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations are presumed true and all reasonable inferences are made in Gilmour's favor, it appears beyond doubt that Gilmour could prove no set of facts warranting the requested extraordinary relief in mandamus. *State ex rel. Turner v. Houk,* 112 Ohio St.3d 561, 2007-Ohio-814, 862 N.E.2d 104, ¶ 5.

{¶ 11} The court of appeals concluded that Gilmour's pending common pleas court action for declaratory and injunctive relief constitutes an adequate remedy in the ordinary course of law, which precluded his mandamus action. "Dismissals of mandamus actions based upon the existence of an adequate remedy in the ordinary course of law are appropriate as long as it appears beyond doubt that

relator can prove no set of facts warranting relief." *State ex rel. Weaver v. Ohio Adult Parole Auth.*, 116 Ohio St.3d 340, 2007-Ohio-6435, 879 N.E.2d 191, ¶ 8.

{¶ 12} For the reasons that follow, the court of appeals erred in determining that Gilmour's pending action for declaratory and injunctive relief constitutes an adequate remedy in the ordinary course of law.

{¶ 13} First, we have consistently recognized that "[m]andamus is the appropriate action to compel public authorities to institute appropriation proceedings where an involuntary taking of private property is alleged." *State ex rel. Shemo v. Mayfield Hts.* (2002), 95 Ohio St.3d 59, 63, 765 N.E.2d 345, judgment modified in part on other grounds, 96 Ohio St.3d 379, 2002-Ohio-4905, 775 N.E.2d 493; *State ex rel. Coles v. Granville*, 116 Ohio St.3d 231, 2007-Ohio-6057, 877 N.E.2d 968, ¶ 21. Gilmour properly alleged an involuntary taking of its private property in its mandamus complaint. Appellees incorrectly claim that this authority does not apply when the alleged taking is not a physical taking of the property. In fact, *Shemo*, like this case, involved a regulatory taking rather than a physical taking.

{¶ 14} Second, the pending action for declaratory and injunctive relief is not an adequate remedy in the ordinary course of law. For an alternate remedy to constitute an adequate remedy so as to preclude the requested extraordinary relief in mandamus, it must be complete, beneficial, and speedy. *State ex rel. Vaughn Industries, L.L.C. v. Ohio Dept. of Commerce*, 109 Ohio St.3d 482, 2006-Ohio-2994, 849 N.E.2d 31, ¶ 18. The pending action for declaratory and injunctive relief does not provide a complete remedy to Gilmour because this type of action cannot compel the city to commence an appropriation proceeding for the property allegedly taken. *Coles*, 116 Ohio St.3d 231, 2007-Ohio-6057, 877 N.E.2d 968, ¶ 32 (mandamus action proper where "pending civil action does not afford a complete remedy to relators because it cannot compel the board of public commissioners to commence appropriation proceedings for the property relators claim has been taken by the board"). The declaratory judgment action does not preclude Gilmour's mandamus claim because it does not provide a complete remedy to Gilmour unless coupled with ancillary extraordinary relief in the nature of a mandatory injunction to compel the city to institute appropriation proceedings. See *State ex rel. Fattlar v. Boyle* (1998), 83 Ohio St.3d 123, 125, 698 N.E.2d 987.

{¶ 15} The court of appeals erred in determining that the pending action for declaratory and injunctive relief provided a "complete and adequate remedy in light of the fact that Gilmour seeks damages for the alleged injuries, which occurred as a result of the rezoning of the two parcels of property." 174 Ohio App.3d 113, 2007-Ohio-6480, 881 N.E.2d 277, ¶ 8. Gilmour's current complaint for declaratory and injunctive relief does not include a request for damages. In

addition, in comparable circumstances, we held that a request for money damages against a municipality in a declaratory judgment action challenging the validity of a rezoning ordinance is precluded. *Superior Uptown, Inc. v. Cleveland* (1974), 39 Ohio St.2d 36, 68 O.O.2d 21, 313 N.E.2d 820, syllabus ("A cause of action for money damages can not be maintained against a municipality for losses sustained as the result of the adoption of a rezoning ordinance which is subsequently declared invalid"). By contrast, a mandamus claim to compel public authorities to institute appropriation proceedings where an involuntary taking of private property is alleged and proven is not barred. *Shemo,* 96 Ohio St.3d 379, 2002-Ohio-4905, 775 N.E.2d 493, ¶ 7.

{¶ 16} Third, although we have sometimes held that a pending declaratory judgment action may bar a mandamus action, see *State ex rel. Bennett v. Lime* (1978), 55 Ohio St.2d 62, 9 O.O.3d 69, 378 N.E.2d 152, syllabus, we have also held that this precedent is inapplicable when—as here—the pending declaratory judgment action does not provide an adequate remedy. See *State ex rel. N. Main St. Coalition v. Webb,* 106 Ohio St.3d 437, 2005-Ohio-5009, 835 N.E.2d 1222, ¶ 40–46; *State ex rel. Huntington Ins. Agency, Inc. v. Duryee* (1995), 73 Ohio St.3d 530, 537–538, 653 N.E.2d 349.

{¶ 17} Therefore, the court of appeals erred in holding that Gilmour's pending action for declaratory and injunctive relief barred its mandamus action to compel appellees to institute appropriation proceedings.

## Mandamus—Failure to Allege a Taking

{¶ 18} Appellees claim that even if the court of appeals' rationale was errone-ous, its dismissal of Gilmour's mandamus complaint was proper because Gilmour failed to allege a taking of its property. We will not reverse a correct judgment because it was based on an erroneous rationale. *State ex rel. Kaylor v. Bruening* (1997), 80 Ohio St.3d 142, 144, 684 N.E.2d 1228.

{¶ 19} Appellees argue that dismissal was warranted because Gilmour never alleged in its mandamus complaint that the rezoning did not substantially advance legitimate state interests or that it denied all economically viable use of the land.

{¶ 20} Appellees' argument lacks merit because the United States Supreme Court has now held that whether a governmental regulatory action substantially advances a legitimate state interest is no longer an appropriate test to evaluate constitutional takings claims. *Lingle v. Chevron U.S.A., Inc.* (2005), 544 U.S. 528, 532, 125 S.Ct. 2074, 161 L.Ed.2d 876, abrogating *Agins v. Tiburon* (1980), 447 U.S. 255, 100 S.Ct. 2138, 65 L.Ed.2d 106; *Hallco Texas, Inc. v. McMullen Cty.* (Tex.2006), 221 S.W.3d 50, 61, fn. 6; *Boice v. Ottawa Hills,* Lucas App. No. L–06–1208, 2007-Ohio-4471, 2007 WL 2458488, ¶ 28.

{¶ 21} Nor does Gilmour's failure to allege a denial of all economically viable use of its Eastwood Avenue properties render its mandamus claim insufficient. Gilmour can still establish a partial regulatory taking under the standard set forth in *Penn Cent. Transp. Co. v. New York City* (1978), 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631. "*Penn Cent.* recognizes an ad hoc, factual inquiry that requires the examination of the following three factors to determine whether a regulatory taking occurred in cases in which there is no physical invasion and the regulation deprives the property of less than 100 percent of its economically viable use: (1) the economic impact of the regulation on the claimant, (2) the extent to which the regulation has interfered with distinct investment-backed expectations, and (3) the character of the governmental action. Id. at 124, 98 S.Ct. 2646, 57 L.Ed.2d 631." *State ex rel. Shelly Materials, Inc. v. Clark Cty. Bd. of Commrs.*, 115 Ohio St.3d 337, 2007-Ohio-5022, 875 N.E.2d 59, ¶ 19. Courts have applied the *Penn Cent.* test to claimed partial regulatory-takings cases involving rezoning. See, e.g., *Byrd v. Hartsville* (2005), 365 S.C. 650, 657–659, 620 S.E.2d 76; *Reagan v. St. Louis Cty.* (Mo.App.2006), 211 S.W.3d 104, 107–111; *Dorman v. Clinton Twp.* (2006), 269 Mich.App. 638, 646–650, 714 N.W.2d 350. On remand, the parties shall be given the opportunity to introduce evidence and argument on Gilmour's partial regulatory-takings claim.

{¶ 22} Therefore, appellees have not established that the court of appeals' dismissal of Gilmour's mandamus action is correct.

## Conclusion

{¶ 23} Based on the foregoing, the court of appeals erred in dismissing Gilmour's mandamus complaint for failure to state a claim upon which relief can be granted. Therefore, we reverse the judgment of the court of appeals and remand the cause to that court for further proceedings consistent with this opinion. We also deny appellees' request for attorney fees and sanctions for frivolous conduct.

Judgment reversed
and cause remanded.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Rudolph J. Geraci, for appellant.

Leonard F. Carr and L. Bryan Carr, for appellees.