[Cite as *MacConnell v. Dayton*, 2013-Ohio-3651.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY**

| | | |
|---|---|---|
| RION MacCONNELL | : | |
| | : | Appellate Case No.   25536 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 12-CV-6355 |
| v. | : | |
| | : | |
| CITY OF DAYTON | : | (Civil Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of August,. 2013.

. . . . . . . . . . .

JOHN K. LIMOLI, Atty. Reg. #0058551, 1402 Sunset Drive, Fairborn, Ohio 45324
        Attorney for Plaintiff-Appellant

JOHN J. DANISH, Atty. Reg. #0046639, and JONATHAN W. CROFT, Atty. Reg. #0082093,
City Attorney's Office, 101 West Third Street, Post Office Box 22, Dayton, Ohio 45401
        Attorneys for Defendant-Appellee

. . . . . . . . . . . . .

HALL, J.,

{¶ 1}    A property owner brought an action seeking to compel the city to purchase

property that, the complaint alleges, has been rendered valueless by the city's zoning regulations

and zoning decisions. The trial court dismissed the complaint under Civ.R. 12(B)(6) for failing to state a claim on which relief can be granted. We conclude that the court properly dismissed the complaint because the complaint's allegations do not state a cause of action. Even if the allegations are true, the property owner has not alleged a right to relief. We affirm.

## Background and Facts

{¶ 2} The plaintiff-appellant, Rion MacConnell, owned property on West Grand Avenue in Dayton. In 2010, the city filed a complaint to appropriate a portion of MacConnell's property. (*See* Case No. 2010 CV 663). MacConnell does not dispute that he and the city eventually entered into a settlement agreement. The city agreed to give MacConnell a certain amount to compensate him for the appropriation.

{¶ 3} In August 2012, MacConnell filed the present action pro se against the city. In his complaint, MacConnell states that he has been the owner of real property on Grand Avenue and that the City of Dayton filed a previous appropriation action, which he specifically refers to as case No. 2010 CV 00663, "* * *wherein the Defendant [City] sought to appropriate a portion of Plaintiff's [MacConnell's] land for certain civic projects * * *." (Complaint ¶ 5) "The City took the portion of the plaintiff's land that it deemed necessary* * *." (Id ¶ 7) The 2012 complaint alleges that the City's use of the appropriated land rendered the remainder of MacConnell's property unusable and of no commercial or practical value because it is now surrounded by roads and the grade angle limits access. The complaint further alleges that MacConnell asked the city for permission to place a high- or low-rise sign on the remaining property, or to turn it into a family cemetery, but permission was denied. The complaint also alleges that MacConnell asked the city if he could operate a used car parts business on the remaining property but this request

was denied too because the property is in a campus-institutional zoning district. The complaint further alleges that the offset requirements in the district prevent the construction of a building. Because of the road extension and the zoning restrictions, says the complaint, MacConnell cannot use the property for anything other than green space–"all feasible commercial ventures are denied as either impractical or a violation of the current zoning ordinances." (Id, ¶ 22). In the prayer of the complaint, "Plaintiff asks that this Honorable Court order the defendant to purchase the balance of the property * * *."(*Id.*, Ad Damnum clause).

{¶ 4}    The city moved to dismiss the complaint under Civ.R. 12(B)(6) for failing to state a claim on which relief can be granted. The city's motion to dismiss states: "The attached Settlement Entry in Case Number 2010 CV 00663 was approved by this court * * *." (Motion to Dismiss, unnumbered pg. 1, filed October 3, 2012). In his response MacConnell indicates that he "* * * finds no attachment in the record." (Dkt 10, pg. 3). Nor do we. Nevertheless, in the very next paragraph, MacConnell quotes specific language from the Settlement Entry, but argues that the settlement was for the land actually taken and not the remainder of his property. In its decision sustaining the motion to dismiss, the the trial court quoted the entirety of the Settlement Entry from case # 2010 CV 00663. The court then concluded that MacConnell's new claim is for appropriation damages, which claim the settlement agreement bars. The trial court alternatively concluded that MacConnell had failed to exhaust his administrative remedies with respect to zoning. The court also observed that he failed to attach to the complaint any evidence that he actually sought the city's permission for the property uses mentioned.

{¶ 5}    MacConnell appealed.

**Analysis**

{¶ 6} MacConnell challenges the trial court's dismissal of his complaint under Civ.R. 12(B)(6). "When a trial court construes a complaint for purposes of a motion to dismiss for failure to state a claim, the court must assume that 'all factual allegations in the complaint are true.'" *Thomas v. Progressive Cas. Ins. Co., Inc.*, 2011-Ohio-6712, 969 N.E.2d 1284, ¶ 10 (2d Dist.), quoting *Tulloh v. Goodyear Atomic Corp.*, 62 Ohio St.3d 541, 544, 584 N.E.2d 729 (1992). "'Since all factual allegations in the complaint are presumed true, only legal issues are presented and an entry of dismissal will be reviewed de novo.'" *Id.*, quoting *Hunt v. Marksman Prods.*, 101 Ohio App.3d 760, 762, 656 N.E.2d 726 (9th Dist.1995).

{¶ 7} We observe a shift in focus regarding the cause of MacConnell's damages. The pro se complaint says that his damages have two causes: "[T]he defendant made it impossible for the plaintiff to use the property for anything other than green space because, due to road construction *and* zoning restriction[s], all feasible commercial ventures are denied as either impractical or a violation of the current zoning ordinances." (Emphasis added.) (Complaint, ¶ 22). But MacConnell's attorney-drafted appellate brief identifies the zoning restrictions as the sole cause of his damages: "[T]he damage did not occur as a result of the appropriation but, rather, as a result of the City's unwillingness to grant a permissive use to the Plaintiff. * * * The Plaintiff's damages are related to the City's subsequent determination to confiscate the remainder of the property by refusing all requests for a use that is beneficial to the Plaintiff rather than a use that is envisioned by the City." (Appellant's Merit Brief, 7).

{¶ 8} The appellate brief's focus on the zoning regulations is undoubtedly related to the impact of the previous appropriation case. Assuming for the moment that the trial court properly

considered that the prior case was concluded, the compensation that MacConnell received from the city would have been compensation not only for the value of the appropriated property but also for damages to the remaining property caused by the appropriation. In an appropriation case, R.C 163.14(B) provides: "The jury, in its verdict, shall assess the compensation for the property appropriated and damages, if any, to the residue * * *." Case law confirms the same concept. "In the event of a partial appropriation, the landowner is entitled to receive not only the value of the appropriated land, but also compensation for any damage to the landowner's remaining property (the residue) as a result of the take. Damage to the residue is measured by the difference between the fair market values of the remaining property before, and after, the taking. In determining the fair market value of the residue before and after the appropriation, all of those factors which would enter into a prudent businessperson's determination of value should be considered." (Citations omitted.) *City of Englewood v. Wagoner*, 41 Ohio App.3d 324, 326, 535 N.E.2d 736 (2d Dist.1987). Based on the statute, case law, and the prior appropriation case, MacConnell can prove no set of facts that would permit him to now receive additional compensation for perceived damages to the residue because that matter was adjudicated in the original action. Moreover, assuming the trial court properly considered the expressed terminology of the Settlement Entry it approved, the entry stated: "[T]he owner of the property interests appropriated herein, Defendant Rion MacConnell, ('Owner'), has agreed with Plaintiff, the City of Dayton, Ohio ('City'), upon the amount of compensation and damages due by reason of said appropriation." (Jan. 25, 2011 Settlement Entry). The settlement agreement bars MacConnell from seeking more appropriation damages: "The Owner [MacConnell] agrees to release all claims for further compensation and damages resulting from said appropriation." (Jan. 25, 2011 Settlement Entry). The consequences of the road construction referred to in the complaint are plainly dimunition of value of the residue

that was encompassed in the adjudication of the appropriation case.

{¶ 9}     As seen through the lens of his briefs, MacConnell's complaint seeks to compel the city to purchase the remainder of his property because the zoning regulations that govern the property and the city's refusal to allow the uses referred to in the complaint render the property of no commercial or practical value. MacConnell does not challenge the zoning regulations or the city's zoning decisions, so we assume that they are valid. Accepting the complaint's allegations as true, we must determine whether they state a possible legal cause of action. *See Avon Lake City School Dist. v. Ohio Dept. of Taxation*, 55 Ohio App.3d 171, 172, 563 N.E.2d 754 (10th Dist.1989). "A cause of action is that set of facts which establish or give rise to a right of action, the existence of which affords a party the right to judicial relief." *State, ex rel. Wilson, v. Preston*, 173 Ohio St. 203, 181 N.E.2d 31 (1962), at paragraph two of the syllabus; *see Fox v. Morrison Motor Freight, Inc.*, 25 Ohio St.2d 193, 200, 267 N.E.2d 405 (1971) (saying that a "right of action" is simply "the 'right to sue,'" quoting *Baltimore & Ohio Rd. Co. v. Hollenberger*, 76 Ohio St. 177, 184, 81 N.E. 184 (1907)). A property owner does not have a right to relief merely because a city's valid zoning regulations and valid zoning decisions prevent him from using his property in ways he wishes to use it. Among the complaint's allegations, we can discern no set of facts that, if true, warrant MacConnell relief.[1]

---

[1] The city says that the complaint is asking for a writ of mandamus that directs it to purchase the remainder of MacConnell's property. *See generally State ex rel. Gilmour Realty, Inc. v. Mayfield Hts.*, 119 Ohio St.3d 11, 2008-Ohio-3181, 891 N.E.2d 320, ¶ 13 (saying that "'[m]andamus is the appropriate action to compel public authorities to institute appropriation proceedings where an involuntary taking of private property is alleged,'" quoting *State ex rel. Shemo v. Mayfield Hts.*, 95 Ohio St.3d 59, 63, 765 N.E.2d 345 (2002)). In his reply brief, MacConnell denies that the complaint is asking for such a writ, saying that "there was an adequate remedy at law and this is the remedy the appellant sought." (Reply Brief, 2). Because an action in mandamus is the appropriate remedy to compel an appropriation, and because MacConnell has admittedly not filed for such a writ, the trial court would also have been correct if it had dismissed the complaint for that reason.

{¶ 10} Of course, if a zoning regulation or zoning decision is invalid, the property owner may be entitled to relief. But these must be challenged by way of an administrative appeal, under R.C. Chapter 2506, or a declaratory-judgment action, under R.C. Chapter 2721. *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 35 (identifying these as "appropriate means to challenge a zoning resolution"). MacConnell's action here is not an administrative appeal of any of the city's zoning decisions, and it cannot reasonably be construed as one for declaratory judgment.

{¶ 11} "The function of a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief may be granted is to test the legal sufficiency of a claim * * *." (Citation omitted.) *Thomas*, 2011-Ohio-6712, 969 N.E.2d 1284, at ¶ 8. Such a motion argues that "the pleader has failed to plead the operative legal grounds relating to a claim." *Id.*, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 532 N.E.2d 753 (1988). Here, because MacConnell's complaint fails to state a legally cognizable cause of action, the complaint was properly dismissed under Civ.R. 12(B)(6).

{¶ 12} We turn now to the specific assignments of error, of which there are three. The first contends that "[t]he trial court erred to the prejudice of the appellant when it granted Civ. R. 12(B)(6) judgment based on matters extrinsic to the pleadings." One might conclude that this assignment complains that the trial court should not have considered the quoted Settlement Entry from case # 2010 CV 00663. But that is not appellant's argument. "Here, the trial court stepped outside of the Complaint and granted Civ. R. 12(B)(6) dismissal when it stated that the appellant had not attached proof to show that the City refused to permit his planned use of the property."(Appellant's Merit Brief at 5). Nowhere does the appellant argue that the Settlement Entry quoted by the trial court should not have been considered or that its quoted terminology is

inaccurate. His argument is that 1) he did not need to attach documentation to his complaint to verify that the city denied his various uses of the remaining property, and 2) that the settlement agreement in the prior case only applied to the land taken and not to the residue the appellant retained.

{¶ 13} Upon review, to the extent the trial court may have referred to MacConnell's failure to attach to the complaint any documentation to show he exhausted administrative remedies, the court's language is illustrative and not determinative. As noted, MacConnell's complaint was not an administrative appeal or a declaratory-judgment action as required to challenge the city's zoning. *Moore v. Middletown*, supra. The complaint does not allege he exhausted administrative remedies. Accordingly, the trial court's reference to failure to attach documentation to the complaint is surplusage.

{¶ 14} Finally, we turn to the propriety of consideration of the 2010 CV 00663 settlement entry. We again note that the defendant does not argue this issue. Nevertheless we recognize that on a motion to dismiss "the movant may not rely on evidence outside the complaint: otherwise, the motion must be treated, with reasonable notice, as a Civ. R. 56 motion for summary judgment." (Citation omitted) *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378, 381 (1992). Pursuant to Civ.R. 12(B):

> When a motion to dismiss for failure to state a claim upon which relief can be
> granted presents matters outside the pleading and such matters are not excluded by
> the court, the motion shall be treated as a motion for summary judgment and
> disposed of as provided in Rule 56. * * * All parties shall be given reasonable
> opportunity to present all materials made pertinent to such a motion by Rule 56.

There is no indication that the trial court provided the parties with notice that the motion to

dismiss was being converted to a motion for summary judgment so that the Settlement Entry could be considered.[2] Such a failure is error. But such an error has been held not to be prejudicial when the parties have had an opportunity to present evidence to support their position. *EMC Mtge. Corp. v. Jenkins*, 164 Ohio App.3d 240, 2005-Ohio-5799, 841 N.E.2d 855, (10th Dist.) citing *Reynolds v. Morris*, 10th Dist. Franklin No. 99AP–64, 2000 WL 192579 (Sept. 28, 1999). Here, not only did MacConnell have the opportunity to challenge the Settlement Entry, he quoted from it himself. And, as the trial court recognized, "[n]either party argues that they are not bound by the settlement agreement." (Decision, Order, and Entry Sustaining Defendant's Motion to Dismiss filed December 13, 2012 at 2). The purpose of the notice to parties that the trial court is converting a motion to dismiss to one for summary judgment is to provide a reasonable opportunity to respond to the presented matters outside the pleadings. A trial court's failure to provide notice does not require reversal when parties had the opportunity to present contrary evidence. *EMC Mtge. Corp.*, supra. Accordingly, we will not reverse the decision of the trial court because it considered the Settlement Entry it approved in the prior case.

{¶ 15} The second assignment of error contends that the trial court incorrectly required MacConnell to exhaust his administrative remedies. The dismissal of the complaint was proper not because MacConnell failed to attach evidence or failed to exhaust his administrative remedies

---

[2] It seems counterintuitive that a court cannot take judicial notice of its own records in its own prior case on the same subject matter between the same two parties, but that's the law. See e.g. *Charles v. Conrad*, 10th Dist. Franklin No. 05AP–410, 2005–Ohio–6106, ¶ 26. The reasoning for such a restriction is that an appellate court cannot review the trial court's reliance on the prior proceeding because that prior record is not before the appellate court. *Id.* That rationale makes little sense when the trial court, as here, specifically quotes the entirety of the prior record relied upon, and, as here, neither party disputes the accuracy of the prior record. With the advent of readily available electronic records from which anyone can promptly verify the accuracy of a court's judicial notice, the days of placing unnecessary restriction on a court's judicial notice of indisputable facts may be numbered.

but because, as we explained above, the complaint does not allege a cause of action. The second assignment of error is overruled.

{¶ 16} The third assignment of error contends that the trial court incorrectly concluded that the prior settlement agreement pertains to the whole property, not just the appropriated part. As we noted above, MacConnell's position on appeal is that his claim is not for appropriation damages but for damages that resulted from the zoning regulations and the city's denial of his property-use requests. Therefore, his third assignment of error is not relevant to his underlying argument. Nevertheless, we agree with the trial court that the settlement agreement plainly relates to both the appropriated property and the remainder. As we explained, the compensation that MacConnell received under the agreement was compensation both for the value of the appropriated property as well as for any appropriation-related damage. The third assignment of error is overruled.

{¶ 17}  All of the assignments of error are overruled.

{¶ 18}  The trial court's judgment is affirmed.

· · · · · · · · · · · · ·

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

John K. Limoli
John J. Danish
Jonathan W. Croft
Hon. Gregory F. Singer