[Cite as *Kemps v. Monday Community Corr. Institute*, 2023-Ohio-2797.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| DAVE KEMPS | : | |
| | : | |
| Appellant | : | C.A. No. 29751 |
| | : | |
| v. | : | Trial Court Case No. 2022 CV 03871 |
| | : | |
| MONDAY COMMUNITY | : | (Civil Appeal from Common Pleas |
| CORRECTIONAL INSTITUTE, ET AL. | : | Court) |
| | : | |
| Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on August 11, 2023

. . . . . . . . . . .

TODD M. AHERN, Attorney for Appellee

DAVE KEMPS, Pro Se Appellant

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Plaintiff-Appellant Dave Kemps appeals from a judgment of the Montgomery County Court of Common Pleas, which dismissed his complaint against Defendants-Appellees MonDay Community Correctional Institute ("MonDay") and Montgomery County Commissioners Carolyn Rice, Judy Dodge, and Deborah Lieberman. The trial court found that Defendants-Appellees were immune from liability under the Political

Subdivision Tort Liability Act, but Kemps contends that they were not immune because certain statutory exceptions to political immunity applied.

{¶ 2} We conclude that the trial court did not err in granting Defendants-Appellees' motions to dismiss for failure to state a claim. Accordingly, for the reasons outlined below, the judgment of the trial court is affirmed.

## I.     Factual and Procedural Background

{¶ 3} On August 31, 2020, Kemps was an inmate at MonDay, a community-based correctional facility, when he allegedly slipped on a wet floor and was injured. In August 2022, Kemps filed a complaint for negligence against MonDay and its unknown employees and against Montgomery County Commissioners Rice, Dodge, and Lieberman. In his complaint, Kemps alleged that MonDay's employees had acted negligently by creating the wet floor and then failing to remedy or warn Kemps about the floor's condition.

{¶ 4} In response to Kemps's complaint, MonDay and Rice, Dodge, and Lieberman filed motions to dismiss for failure to state a claim, arguing that Kemps's negligence claim against them was barred by the Political Subdivision Tort Liability Act and that they were not proper parties to Kemps's action.

{¶ 5} In February 2023, the trial court granted Defendants-Appellees' motions to dismiss, finding that MonDay, Rice, Dodge, and Lieberman were entitled to immunity under the Political Subdivision Tort Liability Act and that none of the exceptions to immunity applied. The trial court further found that Defendants-Appellees were not proper parties to Kemps's action and that only if Kemps had prevailed on the issue of immunity

(which he did not) could he have moved to amend his complaint to bring his action against the proper party defendant, which was MonDay's facility governing board. It is from this decision that Kemps now appeals.

## II.    Assignment of Error

{¶ 6} The crux of Kemps's appeal concerns whether political subdivision immunity under R.C. 2744.02 barred Kemps's negligence claim against Defendants-Appellees. Kemps contends that the trial court erred in finding that none of the exceptions to immunity applied to Defendants-Appellees and therefore dismissing Kemps's complaint for failure to state a claim.

{¶ 7} Civ.R. 12(B)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. For the trial court to dismiss a complaint on Civ.R. 12(B)(6) grounds, "it must appear beyond doubt that the plaintiff can prove no set of facts * * * that would entitle the plaintiff to the relief sought." *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 12.

{¶ 8} When reviewing a trial court's judgment granting a Civ.R. 12(B)(6) motion to dismiss, an appellate court must independently examine the complaint to determine whether the dismissal was appropriate. *Boyd v. Archdiocese of Cincinnati*, 2d Dist. Montgomery No. 25950, 2015-Ohio-1394, ¶ 13. The appellate court is not required to defer to the trial court's decision to grant dismissal but reviews the motion to dismiss de novo. *Duer v. Henderson*, 2d Dist. Miami No. 2009-CA-15, 2009-Ohio-6815, ¶ 68.

{¶ 9} We do not consider "unsupported conclusions that may be included among, but not supported by, the factual allegations of the complaint." *Boyd* at ¶ 13, quoting

*Wright v. Ghee*, 10th Dist. Franklin No. 01AP-1459, 2002-Ohio-5487, ¶ 19. In conducting the review, we must assume that the facts as pleaded are true, "but the same does not apply to conclusions of law that the pleader contends are proved by those facts." *Thomas v. Progressive Cas. Ins. Co., Inc.*, 2011-Ohio-6712, 969 N.E.2d 1284, ¶ 8 (2d Dist.).

**{¶ 10}** "Political subdivision" means a municipal corporation, township, county, school district, or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state and includes the county or counties served by a community-based correctional facility and program or district community-based correctional facility and program established and operated under sections 2301.51 to 2301.58 of the Revised Code, a community-based correctional facility and program or district community-based correctional facility and program that is so established and operated, and the facility governing board of a community-based correctional facility and program or district community-based correctional facility and program that is so established and operated. R.C. 2744.01(F). In this case, the parties agreed that MonDay is a political subdivision as a community-based correctional facility that was formed pursuant to R.C. 2301.51.

**{¶ 11}** Political subdivision immunity is outlined under Chapter 2744 of the Revised Code. Determining whether a political subdivision is immune from liability requires a three-tier analysis as set forth in R.C. 2744.02 and R.C. 2744.03. The first tier of the immunity analysis is a statement of the general rule that political subdivisions are immune from tort liability. Specifically, R.C. 2744.02(A)(1) provides:

For the purposes of this chapter, the functions of political subdivisions are

hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

{¶ 12} "Governmental function" is defined in R.C. 2744.01(C)(1)(a)-(c) and includes the examples listed in R.C. 2744.01(C)(2)(a)-(x). Specifically, R.C. 2744.01(C)(2)(h) provides that a governmental function includes "the design, construction, reconstruction, renovation, repair, maintenance, and operation of jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code." Based on this language, MonDay's operation of a detention facility constitutes a governmental function. Because Defendants-Appellees and their employees were engaged in a governmental function, they were immune from liability under the first tier of the immunity analysis.

{¶ 13} Once immunity is established under R.C. 2744.02(A)(1), immunity can be removed under the second tier of the immunity analysis pursuant to any one of the five exceptions to immunity, and, thus, immunity is not absolute. These five exceptions to immunity include: (1) with certain exceptions, the negligent operation of any motor vehicle by the political subdivision's employees when the employees are engaged within the scope of their employment and authority; (2) with certain exceptions, the negligent performance of acts by the political subdivision's employees with respect to proprietary

functions of the political subdivision; (3) with certain exceptions, the negligent failure of the political subdivision to keep public roads in repair and other negligent failure to remove obstructions from public roads; (4) with certain exceptions, the negligence of political subdivision employees that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code; and (5) where civil liability is expressly imposed upon the political subdivision by a section of the Revised Code. R.C. 2744.02(B)(1)-(5). On appeal, Kemps argues that Defendant-Appellees' immunity was eliminated under exceptions (2), (4), and (5) listed in R.C. 2744.02(B).

{¶ 14} Kemps first argues that, under R.C. 2744.02(B)(2), Defendants-Appellees' employees were negligent in performing their jobs by not maintaining a safe environment at MonDay. However, this exception includes the negligent performance of acts by employees with respect to proprietary functions of the political subdivision, not governmental functions. Because the alleged facts in this case relate to a governmental function, not a proprietary function, this exception to immunity did not apply.

{¶ 15} Kemps next argues that, under R.C. 2744.02(B)(4), the alleged negligence occurred on the grounds of MonDay, which is a building that is used in connection with the performance of a governmental function. However, by its express terms, R.C. 2744.02(B)(4) does not remove the immunity provided to a political subdivision by R.C. 2744.02(A)(1) for injuries that occurred due the negligence of its employees at a detention

facility, like MonDay. Thus, this exception to immunity also did not apply.

{¶ 16} Lastly, Kemps argues that, under R.C. 2744.02(B)(5), Defendants-Appellees' immunity was removed because none of the exceptions delineated in R.C. 3746.24 applied to limit their liability. However, R.C. Chapter 3746 sets forth Ohio's Voluntary Action Program and pertains to the voluntary cleanup of contaminated property. Accordingly, the immunity to tort liability as set forth in R.C. 3746.24 concerns tort liability related to contaminated property and was inapplicable to the present circumstances. Because Kemps has not otherwise pointed to a section of the Revised Code where civil liability was expressly imposed upon Defendants-Appellees, this exception to immunity also did not apply, and Defendants-Appellees remained immune.

{¶ 17} As set forth above, Kemps did not demonstrate an exception to immunity under the second tier of the immunity analysis. At the third tier of the immunity analysis, immunity can be reinstated once lost if the political subdivision can successfully argue an available defense. In other words, the exceptions set forth in R.C. 2744.02(B), by its express terms, are subject to the defenses listed in R.C. 2744.03. However, because Kemps did not establish an exception to immunity under R.C. 2744.02(B), the political subdivision defenses codified in R.C. 2744.03 did not apply to the instant circumstances and the third-tier immunity analysis was not warranted.

{¶ 18} Finally, the trial court found that Defendants-Appellees were not proper parties to this action, but rather the facility governing board of MonDay was the proper party defendant. On appeal, Kemps asserts that he plans to amend his complaint to include the facility governing board of MonDay as the proper party. However, because

we have concluded that MonDay serves a governmental function by operating a detention facility and is immune from liability, the same immunity analysis would apply to the facility governing board of MonDay, and any attempt by Kemps to amend his complaint to include the facility governing board as the proper party defendant would not affect the outcome.

{¶ 19} In sum, Defendants-Appellees were immune from liability under R.C. 2744.02(A)(1), and Kemps did not establish an exception to their immunity under R.C. 2744.02(B)(1)-(5). Defendants-Appellees' political subdivision immunity barred Kemps's negligence claim against them and, therefore, the trial court did not err in granting Defendants-Appellees' motions to dismiss for failure to state a claim. Accordingly, Kemps's assignment of error is overruled.

### III.    Conclusion

{¶ 20} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and LEWIS, J., concur.